UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>　　　　v.<br><br>Mittel Patel,<br>　　　　　　*Defendant.* | **[Proposed]** Protective Order<br><br>**23 Cr. 120 (JHR)** |

　　　　Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Rule 16 of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

　　　　1. **Protected Material.** The Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."  Certain of the Government's disclosure material, referred to herein as "Protected Material," includes information that (i) affects the privacy and confidentiality of individuals and entities; (ii) impacts the safety of individuals; (iii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iv) would risk prejudicial pretrial publicity if publicly disseminated; and/or (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.  Disclosure material produced by the Government to the defendant or his counsel that is (1) designated as "Protected" by the Government in emails or communications to defense counsel, or (2) marked as "Protected," shall be deemed Protected Material.

2. **Sensitive Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Material," contains sensitive information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to significant risk of harm absent the protective measures set forth herein. Disclosure material produced by the Government to the defendant or his counsel that is (1) designated as "Sensitive" by the Government in emails or communications to defense counsel, or (2) marked as "Sensitive," shall be deemed Sensitive Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material designated as Protected Material or Sensitive Material shall not be disclosed by the defendant or his counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Protected Material or Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Protected Material or Sensitive Material to the media or any third party except as set forth below. Additionally, the defense shall not provide any Protected Material or Sensitive Material to any foreign persons or entities, and Protected Material or Sensitive Material may not be transmitted outside the United States for any purpose.

4. Protected Material may be disclosed by the defense to:

(a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

(c) The defendant; and

    (d) Such other persons as hereafter may be authorized by the Court.

  5. Counsel may disclose Sensitive Material to the defendant only for the defendant's review in the presence of counsel for purposes of defending this case.  The defendant shall not maintain, retain, or keep copies of any records containing Sensitive Material or information therefrom outside the presence of counsel.  Counsel may otherwise disclose Sensitive Material only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this case; and prospective witnesses for purposes of defending this case.

  6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

  7. The defense shall provide a copy of this Order to any individual or entity to whom the defense discloses Protected Material or Sensitive Material in accordance with the provisions of this Order.  All such persons shall be subject to the terms of this Order; shall be advised by defense counsel that he or she shall not further disseminate or discuss the materials and must follow the terms of this Order, and that the Court can enforce the Order against the person to whom discovery materials are disclosed; and shall demonstrate their acknowledgement by signing a copy of the Protective Order, which signed copy shall be maintained by defense counsel.  Defense counsel shall maintain a record of what Protected Material and Sensitive Material has been disclosed to which such persons.

  8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this case, or to any judge or magistrate judge, for purposes of this case.  However, Sensitive Material pertinent to any motion before the Court should initially be filed under seal,

absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

9. At any time, the defense may seek leave from the Government to alter the designations for materials designated as Protected Material or Sensitive Material ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the requested designation alteration or sharing of the material; or (ii) provide the defense with an explanation as to why the Requested Material cannot be designated or shared in the manner requested, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government's designation of material as Protected Material or Sensitive Material will be controlling absent contrary order of the Court.

10. Except for Protected Material and Sensitive Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all such material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in this case; the period of direct appeal from any order dismissing any of the charges in this case; or the granting of any motion made on behalf of the Government dismissing any charges in this case, whichever date is later. If Protected Material or Sensitive Material is provided to any prospective witness, counsel shall seek the return or destruction of such materials.

11. This Order places no restriction on the defendant's use or disclosure of ESI that originally belonged to him.

**Retention of Jurisdiction**

12. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: ___4/30/2024_____
Jon Bodansky
Jacob Gutwillig
Assistant United States Attorneys


_____                Date: ___4/30/24_____
Jacob Kaplan, Esq.
Counsel for Mittel Patel


SO ORDERED:

Dated: New York, New York
     ___May 1_____, 2024

_____
HONORABLE JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK